BRIGHT, Senior Circuit Judge.
 

 The United States indicted Gerald A. Monroe, a twenty-nine-year-old African American, for possession with intent to distribute “crack” cocaine.
 
 [1]
 
 The parties waived a jury trial and stipulated to the essential facts, leaving open the question of whether Monroe possessed crack cocaine or merely cocaine powder. The distinction here is important because possession of crack cocaine carries a sentence 100 times longer than possession of cocaine powder.
 
 [2]
 
 The district court found Monroe guilty of possessing crack cocaine
 
 [3]
 
 and, because he has a prior felony record, sentenced him to more than twenty-seven years (329 months) in the federal penitentiary, to be followed by five years of supervised release.
 

 On appeal, Monroe challenges both his underlying conviction and sentence. We affirm the conviction, but remand the sentence for reconsideration because the district court applied the wrong proof standard, and the evidence supporting the crack sentence is equivocal.
 

 The primary issue raised here concerns Monroe’s sentence.
 
 [4]
 
 The question is
 
 *435
 
 whether Monroe was in possession of crack cocaine or cocaine powder.
 

 We observe that both the district court and the parties had great difficulty determining which proof standard applies in making a sentence determination. The district court, at the October 25, 1991 sentencing hearing, stated:
 

 The Eighth Circuit I don’t think we can say even demands preponderance of the evidence. My reading of the
 
 Luster
 
 case
 
 [United States v. Luster,
 
 896 F.2d 1122 (8th Cir.1990) ] is that due process is satisfied with findings adequate to make an appeal meaningful. There is nothing wrong with preponderance of the evidence; nothing wrong with clear and convincing or beyond a reasonable doubt, but something less than any of those is sufficient.
 

 The standard is it’s an articulation____
 

 This is not a high standard for the government. It’s the standards where findings are adequate to make appeal meaningful.
 

 Tr. of Oct. 25, 1991 at 4-5, 8.
 

 This court has clearly stated that the preponderance of the evidence standard applies in sentence decisions.
 
 United States v. Galloway,
 
 976 F.2d 414, 422-23 (8th Cir.1992);
 
 United States v. Wise,
 
 976 F.2d 393, 397 (8th Cir.1992);
 
 United States v. Candie,
 
 974 F.2d 61, 61 (8th Cir.1992);
 
 United States v. Johnson,
 
 962 F.2d 1308, 1313 (8th Cir.1992);
 
 United States v. Swinney,
 
 970 F.2d 494, 501 (8th Cir.1992);
 
 United States v. Payne,
 
 940 F.2d 286, 292 (8th Cir.),
 
 cert. denied,
 
 — U.S. —, 112 S.Ct. 616, 116 L.Ed.2d 638 (1991);
 
 United States v. Malbrough,
 
 922 F.2d 458, 464 (8th Cir. 1990),
 
 cert. denied,
 
 — U.S. —, 111 S.Ct. 2907, 115 L.Ed.2d 1071 (1991).
 

 Thus, our query is whether, under the preponderance of the evidence standard, the type of cocaine with which Monroe was apprehended was more likely than not crack and not cocaine powder.
 

 The Government put on Andrea Mi-chaels, a governmental forensic chemist, to prove it was crack. She identified the substance as “an off-white chunky substance.” Tr. of June 19, 1991 at 4. Reviewing the field test, she concluded it “was most likely cocaine.”
 
 Id.
 
 at 5. Yet, she testified that an infrared spectroscopy test indicated the substance was “cocaine base,
 
 [5]
 
 with some procaine base [a different substance] in it.”
 
 Id.
 
 at 6 (footnote not in original). She stated that on a mass spectroscopy, the sample showed as “cocaine and procaine,”
 
 id.,
 
 and on a gas chromatography, the substance was 81% cocaine.
 
 Id.
 
 at 7. She noted that the net weight of the powder was 365.88 grams. Finally, she opined the substance was “procaine
 
 or
 
 cocaine base with some procaine base mixed in.”
 
 Id.
 
 (emphasis added).
 

 Reviewing the transcript, we are left with an uneasy feeling the substance may have been cocaine, cocaine and procaine, or procaine or cocaine base with some procaine base. Nor, and more importantly, can we say the substance was more likely than not crack. We are just not sure.
 
 [6]
 
 This uncertainty, coupled with the district court’s apparent reliance upon an improper standard of proof; requires us to ask the district court to reconsider Monroe’s sentence.
 

 Accordingly, we vacate the sentence and remand to the district court for resentenc-ing on the existing record. Unless that record and the findings based on that record show by a preponderance of the evidence that the Government proved the substance to be crack cocaine, the district
 
 *436
 
 court must resentence Monroe for possession with intent to distribute cocaine.
 

 [1]
 

 . Crack cocaine is also referred to as cocaine base.
 
 See infra
 
 note 5 and accompanying text.
 

 [2]
 

 . For purposes of establishing the base offense level under the Federal Sentencing Guidelines, the Guidelines Drug Equivalency Tables provide that 100 grams of cocaine powder is equivalent to one gram of crack cocaine. U.S.S.G. § 2D1.1 comment, (n. 10). For example, if Monroe had no prior record and was in possession of 454 grams of cocaine powder, he could be sentenced to between 51 and 63 months. Yet, he could receive the same sentence for possessing only one-one hundredth of that amount, or 4.54 grams, if the drug was crack cocaine.
 

 [3]
 

 . He was found guilty of “knowingly, intentionally, and willfully possessing with intent to distribute approximately 454 grams of crack cocaine, a schedule 2 controlled substance, in violation of Title 21 section 841(a)(1).” Tr. of Oct. 25, 1991 at 3.
 

 [4]
 

 . We reject Monroe’s other claims relating to the merits of his conviction and sentence. First, he claims he was unlawfully detained by the DEA agent, who stopped him as he was leaving the airport, and subsequently arrested him. In our view of the record, Monroe consented to the seizure of the narcotics. Next, he argues the cocaine base aspect of 21 U.S.C. § 841 is unconstitutionally vague and ambiguous. This argument is rejected by our rulings in
 
 United States v. Wheeler,
 
 972 F.2d 927, 929-30 (8th Cir.1992) and
 
 United States v. House,
 
 939 F.2d 659, 664
 
 *435
 
 (8th Cir.1991). Finally, Monroe’s attack on his own waiver of a jury trial lacks merit.
 

 [5]
 

 . The expert explained that cocaine base is commonly referred to as “crack cocaine." Tr. of June 19, 1991 at 6.
 

 [6]
 

 . We observe the district court relied on the chemist’s testimony regarding the results of the infrared spectroscopy test to find the substance was cocaine base.
 
 See
 
 Tr. of June 19, 1991 at 6. The district court, however, gave no credence to the chemist’s other seemingly contradicting testimony, nor weighed the latter against the former to engage a finding by a preponderance of the evidence.