**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Keith COX, Defendant–Appellant.**

**No. 92–1321.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 10, 1992.

Decided Feb. 11, 1993.

428

Gary John Shea, Cedar Rapids, IA, argued, for defendant-appellant.

Kandice A. Wilcox, Cedar Rapids, IA, argued, for plaintiff-appellee.

Before BEAM, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

After entering into a plea agreement that obligated him to cooperate in an ongoing drug trafficking investigation, Keith Allen Cox pleaded guilty to one count of distributing cocaine and one count of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a), 846 and 18 U.S.C. § 2. Cox appeals both his conviction and sentence, arguing that his breach of the cooperation clause voided the plea agreement, that statements he made while cooperating were improperly used to determine his sentence, and that the district court erred in enhancing his base offense level for obstruction of justice and in denying him a reduction for acceptance of responsibility. We affirm Cox's conviction, but remand for resentencing because Cox's base offense level should not have been enhanced for obstruction of justice.

On February 13, 1991, Cox was arrested on drug charges in Waterloo, Iowa. That day, he signed a "Proposed Plea Agreement" providing that he would plead guilty to one conspiracy and one substantive count and that the government would file "no other Title 21 criminal drug charges against you." The lengthy standard form agreement also provided:

3. You will provide complete and truthful information to the attorneys, employees, and law enforcement officers of the government, and the federal grand jury conducting this investigation.... Since the United States insists upon your telling the truth and nothing but the truth during any court proceeding or interview related to this case, investigation, or plea agreement, your failure to provide complete and truthful information at any time will render this agreement void.

After signing the plea agreement, Cox was interviewed for several hours about illegal drug activities in Iowa and Michigan. On February 20, he was charged in a three-count indictment. On March 21, in further compliance with the plea agreement, Cox testified in front of the grand jury.

On July 3, 1991, Cox appeared in court and, as agreed, entered a plea of guilty to an information containing one substantive and one conspiracy count. At the request of Cox's attorney, the district court deferred approval of the plea agreement and acceptance of the plea until a presentencing report ("PSR") was prepared. On July 18, the government sent its offense conduct statement to the probation officer, with a copy to Cox's attorney. That letter stated in part:

6. The defendant has made statements during de-briefings and has also provided sworn testimony concerning his involvement. The de-briefing statements and sworn statements are not consistent with each other. The government would urge that the original de-briefing by the defendant is a more accurate reflection of his involvement and should be used to compute his base offense level.

\* \* \* \* \* \*

17. In connection with the provisions of U.S.S.G. 3E1.1, the government would ask the probation officer to consider the differences between the statements in his initial de-briefing and the sworn statements he later made.

The PSR was completed on October 8, 1991. Based upon the offense conduct described in the government's July 18 statement, the probation officer recommended a base offense level of 32. She also recommended a two-level increase for obstruction of justice based upon "a tremendous disparity between the information given in the defendant's debriefing and the lack of information given to the Grand Jury," and a denial of acceptance of responsibility because Cox had "minimized his acceptance of responsibility" in interviews with the probation officer.

On October 10, the prosecutor wrote Cox's attorney "to formally notify you that this office considers some of the past actions of your client to be breaches of [his] plea agreement." The letter concluded, "This letter is not written to indicate that we are revoking his plea agreement, but to

formally notify you of his violation of the terms of his agreement."

On October 11, the parties appeared for a continuation of the plea hearing. Cox reaffirmed his desire to plead guilty, and both Cox and the government urged the court to approve the plea agreement and accept the guilty plea. After a lengthy inquiry establishing that Cox had knowingly and voluntarily signed the plea agreement and entered his guilty plea, the court approved the agreement and accepted the plea. The government dismissed the February 20 three-count indictment.

On January 23 and 28, 1992, the district court conducted an evidentiary sentencing hearing to consider Cox's objections to the PSR. Lieutenant Richard Greenlee of the Bremer County Sheriff's Department testified that he was present at Cox's debriefing interview. Using his notes of what Cox had said at the debriefing to refresh his recollection, Greenlee confirmed the detailed information about drug transactions and quantities described in the offense conduct section of the PSR. Two of Cox's acquaintances—Beverly Henderson, appearing under an immunity letter, and Andre McGee, appearing pursuant to a plea agreement—testified to their firsthand knowledge of Cox's extensive drug trafficking activities.

On February 4, 1992 the district court entered its written sentencing findings. The court found that the plea agreement provided for use of Cox's debriefing statements, and that this information provided the basis for the drug quantities attributed to Cox in the PSR. The court adopted the drug quantities attributed to Cox in the PSR (with one exception not relevant to this appeal). It further found that Cox was not entitled to an acceptance of responsibility reduction because of his "half-hearted acceptance"; and that an obstruction of justice enhancement was appropriate because Cox's "testimony to the Grand

Jury [was] substantially different from the statements given to the agents at the time of his debriefing." The court entered judgment on the guilty plea and sentenced Cox to 210 months in prison, the bottom of his Guidelines range, and four years supervised release. This appeal followed.

### I. *Validity of the Guilty Plea and Plea Agreement.*

■ Cox argues that, because his breach of the cooperation clause in the plea agreement rendered the agreement void by its own terms, we must remand to allow him to withdraw his guilty plea. As the government notes, this issue was not raised in the district court. More significantly, it was waived.

When Cox appeared in court on October 11 for the continuation of the plea hearing, he was on notice that the government considered his March 21 grand jury testimony a breach of the cooperation clause. Rather than assert that the plea agreement was void, however, Cox urged the court to approve the agreement, reaffirmed his guilty plea, and accepted the benefit of his bargain, in particular, dismissal of the three-count indictment. Neither Cox nor the government may unilaterally declare the plea agreement void; only the court has that authority. *See United States v. Simmons,* 537 F.2d 1260, 1261 (4th Cir.1976). When Cox failed to urge the court to void the agreement, and the court approved it, the issue was waived.

■ Even if the issue were not waived, we have considerable doubt whether Cox, as the breaching party, may invoke the *void* provision in paragraph 3 of the plea agreement.[1] Moreover, even if Cox could at this time void the agreement, that would not provide him a basis for withdrawing his guilty plea. Cox's purported breach of the plea agreement casts no doubt on either the voluntariness or the intelligence of his

---

1. Many cases have granted the prosecution relief for defendant's breach of a cooperation provision. *See, e.g., Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987); *United States v. Britt,* 917 F.2d 353, 355 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 971, 112

L.Ed.2d 1057 (1991). Cox cites us to general contract authorities on the meaning of the word "void" but no authority for the proposition that he as the breaching party may invoke this remedy.

plea, and he received the bargained-for consideration in return for it. Thus, none of the interests that justify giving the defendant a remedy if the government breaches a plea agreement is implicated here. *See Santobello v. New York*, 404 U.S. 257, 261–62, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971).

For all these reasons, we reject Cox's attempt to void the plea agreement and withdraw his guilty plea.

## II. Calculating the Base Offense Level.

■ Cox next argues that use of debriefing statements to establish his base offense level violated U.S.S.G. § 1B1.8, which provides:

Where a defendant agrees to cooperate with the government ... and ... the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

The government argues, and the district court held, that paragraph 4 of Cox's plea agreement specifically provided for use of his debriefing statements for sentencing purposes:

4. No testimony or other information provided by you, pursuant to this agreement ... will be used against you for the purpose of bringing additional criminal charges.... *However, such testimony or other information ... may be considered by the court or probation office* at any time, including at the time of your guilty plea and sentencing in this matter and *to determine the length of your sentence.*

(Emphasis added.) Cox argues that the language "to determine the length of your sentence" is only a "broadly worded disclaimer" that did not fairly warn him of the potential consequences of cooperating. He relies upon *United States v. Shorteeth*, 887 F.2d 253, 257 (10th Cir.1989) ("the lan-

guage and spirit of Guidelines § 1B1.8 require the agreement to specifically mention the court's ability to consider defendant's disclosures during debriefing in calculating the appropriate sentencing range").

The plea agreement in *Shorteeth* provided that the defendant would not be charged for information provided during debriefings; another provision provided generally that there were "no agreements" regarding sentencing. Paragraph 4 of Cox's plea agreement was far more specific. We agree with the district court that the plain language of paragraph 4 fits the exception in § 1B1.8. As the court explained, "what's important is the Defendant understand that what he tells the Government will be used to determine the length of his sentence. That's what's important to him."[2]

■ Cox next argues that the district court's findings as to drug quantities were clearly erroneous because they were based upon Cox's "arbitrary approximations" of the number of transactions he engaged in and the drug quantities involved in those transactions. The district court was required to approximate the amount of drugs involved in the offense conduct. *See* U.S.S.G. § 2D1.4, comment. (n.2) (1989). Lieutenant Greenlee testified that Cox provided detailed and specific transaction and quantity estimates at his debriefing interview. The district court credited this testimony and upheld the PSR's quantities estimates, after making one significant reduction in Cox's favor. The court's approximation—based on Cox's own account of his activities—was not clearly erroneous.

## III. Obstruction of Justice and Acceptance of Responsibility.

■ The district court increased Cox's base offense level by two levels for obstruction of justice based upon the substantial discrepancies between Cox's testimony before the grand jury and his debriefing statements. An obstruction of justice en-

---

**2.** We note that there can be no claim of unfair surprise in this case because the PSR was furnished to Cox before his guilty plea was accepted by the court. Therefore, any claim that the use of his debriefing statements vitiated the voluntariness or fairness of his plea agreement should have been made by a timely motion to withdraw the plea.

hancement is warranted under U.S.S.G. § 3C1.1.

> If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense.

The government bears the burden of proof that this enhancement should be applied. *See United States v. Dinges,* 917 F.2d 1133, 1135 (8th Cir.1990). While we agree with the district court that there were substantial discrepancies, we conclude that the government failed to meet its burden to prove that Cox obstructed justice "during the investigation ... of the instant offense."

We must begin by defining the kinds of conduct that the Guidelines consider obstruction of justice. The Commentary to § 3C1.1 provides in relevant part:

> 3. The following is a non-exhaustive list of examples of the types of conduct to which this enhancement applies:
>
>> (b) committing, suborning, or attempting to suborn perjury;
>>
>> (d) destroying or concealing ... evidence that is *material* to an official investigation ...;
>>
>> (g) providing a *materially* false statement to a law enforcement officer that *significantly* obstructed or impeded the official investigation....

(Emphasis added.) In the district court, the government presented no evidence or analysis as to the materiality of Cox's allegedly obstructive conduct. The government relied solely on the fact that Cox had given the grand jury less information *than he had previously given the investigating officers.* Although there may be situations in which the materiality of false testimony

is virtually self-evident—for example, when a defendant gives false testimony during his or her own trial—we conclude this is not such a case.

The Guidelines limit this enhancement to the defendant who willfully obstructs or impedes the "instant offense." Here, the alleged discrepancies had no impact on the government's prosecution of Cox. Simply stated, the government already had what it needed—the plea agreement and Cox's debriefing statements.[3]

Assuming that the "instant offense" was broadened by the cooperation clause in the plea agreement,[4] the government made no showing of how Cox impeded its investigation into drug trafficking by others. The government did not allege that Cox withheld information at the debriefing interviews. Nor did it explain how his less-than-candid grand jury testimony impeded the grand jury's deliberations. We know nothing about whom the grand jury was investigating or the relevance of Cox's testimony to that investigation. All we have is Cox's grand jury testimony, which reveals both the discrepancies and the prosecutor's failure either to cross examine Cox about those discrepancies or at least to use Lieutenant Greenlee's notes from the debriefing interviews to refresh Cox's suddenly vague memory. Thus, the government failed to prove obstruction of justice under Application Note 3(d) or 3(g).

█ The government argues that the § 3C1.1 enhancement is nonetheless warranted because Cox was guilty of "committing, suborning, or attempting to suborn perjury," a violation of Application Note 3(b) that requires no showing of materiality. This contention has two fatal flaws.

---

3. There is no suggestion that Cox himself was a target of the grand jury after he signed the plea agreement. As the Eleventh Circuit said in *United States v. Howard,* 923 F.2d 1500, 1505–06 (1991):

> Because [defendant] informed DEA agents immediately following his arrest that he had made several trips ... to deliver cocaine ... his failure to repeat this information to the probation officer does not amount to a material falsehood as this is defined in the commentary.

4. We have previously defined the "instant offense" under § 3C1.1 as the offense of conviction. *See United States v. Dortch,* 923 F.2d 629, 632 (8th Cir.1991). Given our resolution of the obstruction of justice issue, we need not decide whether the "instant offense" also includes matters that a defendant is required to disclose to the government under the cooperation clause of a plea agreement.

First, the district court did not find that Cox perjured himself before the grand jury. It found only that he "minimize[d]" his involvement and "dissemble[d]," based upon "the big difference between the detail with which [Cox] talked to the agents a month before the grand jury and his inability to recall that same detail when questioned about it ... before the grand jury." We will not infer from this a finding of perjury, particularly when Application Note 1 to § 3C1.1 cautions that a defendant's "testimony or statements should be evaluated in a light most favorable to the defendant."

█ Second, the reason that Application Note 3(b) is not limited to "material" perjury is that materiality is an essential element of perjury. *See* 18 U.S.C. § 1621 (perjury is a false statement under oath of any "material matter"). In the context of a criminal prosecution for perjury,

> [a]lthough materiality is a question of law, its proper determination "depends on the factual situation in which the testimony was given." The government must, therefore, introduce evidence of what the grand jury was investigating, and of what testimony the defendant gave.

*United States v. Armilio*, 705 F.2d 939, 941 (8th Cir.), *cert. denied*, 464 U.S. 891, 104 S.Ct. 235, 78 L.Ed.2d 227 (1983) (citations omitted). To prove perjury in the sentencing context, while the government need not prove materiality beyond a reasonable doubt, it must prove materiality by a preponderance of the evidence. *See, e.g., United States v. Monroe*, 978 F.2d 433, 435 (8th Cir.1992). As we have explained, it failed to do so and thus failed to prove obstruction under Application Note 3(b).

Because the government failed to prove that the discrepancies between Cox's grand jury testimony and his debriefing interview materially obstructed or impeded the government's ongoing investigations, the obstruction-of-justice enhancement is reversed.

█ The district court also denied Cox a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. When an obstruction-of-justice enhancement is warranted, a reduction for acceptance of responsibility will be granted only in "extraordinary cases." U.S.S.G. § 3E1.1, comment. (n.4). Here, the district court's written findings recited that the reduction was denied because Cox had exhibited only "half-hearted acceptance." However, at the conclusion of the sentencing hearing the court had observed that, "this is not one of those extraordinary cases where both the adjustment upward for obstruction and the adjustment downward for acceptance can be given." Therefore, because we have reversed the obstruction enhancement, the § 3E1.1 reduction should be reconsidered upon resentencing. We express no view as to whether the reduction is warranted, since that is a question we leave to the district court's discretion. *See United States v. Rowley*, 975 F.2d 1357, 1364 (8th Cir.1992).

### IV. Other Issues.

█ The other issues raised by Cox on appeal are without merit. He concedes that his three level role-in-the-offense enhancement was appropriate if, as we have concluded, it was proper to consider his debriefing statements for sentencing purposes. His claim that the indictment should be dismissed for violation of the Speedy Trial Act, 18 U.S.C. § 3161, was waived by his plea of guilty. *See Speed v. United States*, 518 F.2d 75, 76 (8th Cir.), *cert. denied*, 423 U.S. 988, 96 S.Ct. 398, 46 L.Ed.2d 306 (1975).

The judgment of conviction is affirmed, but Cox's sentence is vacated and the case is remanded for resentencing.