996 F.2d 1222
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Byron Lynn BROWN, Appellant.
 No. 92-3397.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 22, 1993.
Filed: July 6, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Byron Lynn Brown appeals the 125-month sentence imposed by the district court[1] following his conviction for possessing cocaine base with the intent to distribute it. We affirm.
 
 
 2
 A grand jury returned a one-count indictment against Brown, alleging that on January 27, 1992, he possessed approximately twenty-five grams of a substance containing a detectable amount of cocaine base with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). At trial, Vernon Summers, a St. Louis police officer, testified that, on the afternoon of January 27, 1992, he received information from a reliable confidential informant that Byron Brown was selling crack cocaine in the area of 1900 Coleman Street. Summers and two other officers, Grace and McKelvey, went to the area and set up a surveillance. All three officers testified that they saw Brown engage in four drug sales in the following fifteen minutes. After the fourth sale, the officers decided to arrest Brown. Brown attempted to escape on foot, but Summers apprehended him. McKelvey recovered a plastic bag Brown discarded when he saw the officers approach. The bag, which was introduced into evidence at trial, contained twenty-seven smaller plastic bags. One off-white rock was in each of the smaller bags.
 
 
 3
 Harold Messler, chief criminalist for the St. Louis police department and supervisor of the criminalistic section of the laboratory, testified that he performed a chemical analysis on the material recovered from Brown. Chemical color tests on each of the "white lumps" indicated the possible presence of cocaine. Messler then took "a portion of the material" and performed a Foyer transform infrared spectrophotometer (FTIR) test on it to confirm the chemical color tests. Messler testified that the FTIR test established that the sample contained cocaine base. He testified that he ran the FTIR test on only one of the samples. Messler further stated that the material weighed 24.78 grams. Brian Gilmore, a veteran detective with the St. Louis police department's narcotics division, also provided expert testimony for the government. Based on his experience in purchasing crack cocaine, Gilmore identified the substances recovered from Brown as "extremely large rocks." After a two-day trial, the jury found Brown guilty and the district court ordered a presentence report (PSR).
 
 
 4
 Based on Messler's analysis, the PSR determined that Brown possessed 24.78 grams of cocaine base and computed his base offense level as 28. U.S.S.G. § 2D1.1(c)(8) (at least 20 but less than 35 grams of cocaine base). Brown filed several objections to the PSR, but the only one relevant to this appeal challenged the drug quantity determination. Brown argued that Messler's testimony was insufficient to establish that the substance recovered from him was cocaine base. The district court overruled the objection based on the evidence submitted at trial.
 
 
 5
 On appeal, Brown contends that the district court clearly erred by finding the government had established, by a preponderance of the evidence, that all twenty-seven of the rocks recovered from him contained cocaine base. He maintains that Messler's testimony was insufficient to prove that each rock contained cocaine base because Messler performed the confirmatory test on only one rock. Alternatively, Brown contends that, because of the severe sanctions imposed in cases involving crack cocaine, the standard of proof at sentencing should be clear and convincing evidence.
 
 
 6
 We review the district court's factual finding on drug quantity under the clearly-erroneous standard. United States v. Mason, 982 F.2d 325, 328 (8th Cir. 1993). "This court has clearly stated that the preponderance of the evidence standard applies in sentence decisions." United States v. Monroe, 978 F.2d 433, 435 (8th Cir. 1992). This standard applies to determine whether the substance recovered was crack or cocaine powder. Id. The district court may rely on testimony introduced at trial to make sentencing determinations. See United States v. Regan, 940 F.2d 1134, 1136 (8th Cir. 1991).
 
 
 7
 The district court did not clearly err by finding that the trial evidence established that the rocks seized from Brown contained crack. In several previous decisions, we have approved of the use of "random chemical testing" of confiscated substances to establish the identity of the substance as crack cocaine. See, e.g., United States v. Williams, 982 F.2d 1209, 1212 (8th Cir. 1992); United States v. Brett, 872 F.2d 1365, 1372 (8th Cir.), cert. denied, 493 U.S. 932 (1989). Moreover, the "identity of a controlled substance can ... be proved by circumstantial evidence and opinion testimony," as well as by direct evidence of the substance's chemical composition. Williams, 982 F.2d at 1212.
 
 
 8
 Here, the circumstantial evidence and opinion testimony of law enforcement officials strongly support the finding that the substance recovered from Brown was crack. First, Summers testified that he received information from a reliable confidential informant that Brown was dealing crack. Second, McKelvey testified that the package he retrieved after Brown threw it down appeared to contain crack cocaine. Third, Gilmore stated that, in his opinion, the individually wrapped packages recovered from Brown were extremely large rocks of cocaine base. Finally, the rocks were similar in size and appearance and were identically packaged. This evidence, combined with Messler's testimony, was sufficient to establish that the each of the rocks contained crack.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri