19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald D. HALL, Defendant-Appellant.
 No. 93-3703.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Donald D. Hall appeals his judgment of conviction entered on his plea of guilty to one count of obstruction of justice, for which he received fifteen months of imprisonment, a three year term of supervised release and a $50 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Hall's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Hall has filed a response to his counsel's motion.
 
 
 3
 Upon review, we conclude that Hall has waived his rights to assert any potential violations of the Speedy Trial Act by pleading guilty. United States v. Cox, 985 F.2d 427, 433 (8th Cir.1993); United States v. Gines, 964 F.2d 972, 976 (10th Cir.), cert. denied, 113 S.Ct. 1023 (1993). Further, the record reflects that Hall's guilty plea was knowing and voluntary and his solemn declaration of guilt to the crime carries a presumption of truthfulness, which he has not overcome. Blackledge v. Allison, 431 U.S. 63, 74 (1977). At the sentencing hearing, Hall clearly waived his right to receive further time to review the presentence investigation report. Fed.R.Crim.P. 32(c)(3)(A) and 18 U.S.C. Sec. 3552(d). Further, the record reflects that Hall was mentally and physically competent to enter into his guilty plea and that the district court had jurisdiction over his crime.
 
 
 4
 Lastly, we will not consider on direct appeal Hall's allegation that he received ineffective assistance of counsel, because the record is not adequate to assess the merits of his claim. United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). Rather, Hall can raise this claim in a post-conviction proceeding under 28 U.S.C. Sec. 2255, so that the parties can develop an adequate record on the issue. Id. We have carefully examined the record in this case, including the transcripts of Hall's plea and sentencing and conclude that no reversible error is apparent from the record.
 
 
 5
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.