# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2130MN

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Ronald Lindsey also known as RL, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 20, 1998

Filed: November 16, 1998

_____

Before BOWMAN, Chief Judge, BRIGHT, and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

### I.

The appellant, Ronald Lindsey, was convicted in a jury trial of one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 841, one count of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841, and two counts of use of a telephone in the commission of a felony, in violation of 21 U.S.C. § 843. He was sentenced to 292 months in prison.

## II.

The first issue Lindsey raises on appeal is the sufficiency of the evidence. When reviewing a sufficiency of the evidence claim, we view the evidence in the light most favorable to the government, giving the government the benefit of all reasonable inferences to be drawn from the evidence. United States v. Manzer, 69 F.3d 222, 226 (8th Cir. 1995). We have reviewed the record in this case and find that, viewed in the light most favorable to the government, the evidence is sufficient to support each of Lindsey's convictions. In this case, two co-conspirators testified regarding Lindsey's conduct, and both testified that he was a member of a conspiracy to distribute crack cocaine. In addition, several police officers testified regarding their investigation and the evidence discovered in Lindsey's home. This evidence is sufficient to support Lindsey's convictions.

The second issue Lindsey raises on appeal is the admission of a partially inaudible tape recording of a drug-related phone call and the admission of a police officer's testimony regarding the contents of the inaudible portions. We agree that portions of the tape were inaudible and should not have been played for the jury. In addition, the district court erred by allowing a police officer to testify about the contents of the inaudible portions of the tape. Because Federal Rule of Evidence 1002 states that the original recording is required to prove the contents of a recording, it was error to admit the officer's testimony. See Fed. R. Evid. 1002. However, under the circumstances of this case, it was harmless error. See Fed. R. Crim. P. 52(a). Under Rule 52(a), a conviction will be reversed "only if the jury may have been swayed by improperly admitted evidence." United States v. Horsman, 114 F.3d 822, 828 (8th Cir.

1997).  In this case, two co-conspirators testified that Lindsey was involved in a conspiracy to possess and distribute crack cocaine, and that Lindsey used a telephone as part of the conspiracy.  It is not likely that the jury was substantially swayed by the admission of the partially inaudible tape or the officer's testimony regarding the tape's contents.  Thus, his conviction need not be reversed.

The final issue Lindsey raises on appeal is that the government did not establish the quantity of crack cocaine he possessed by a preponderance of the evidence. Sentencing factors such as whether a given amount of cocaine constitutes crack are matters for the court to determine by a preponderance of the evidence.  United States v. Monroe, 978 F.2d 433, 434 (8th Cir. 1992).

Lindsey claims that the government did not present any evidence that the 1.5 kilograms of cocaine seized from 1419 Bayard Street was crack, and not another form of cocaine base.  Because Lindsey did not object to the quantity at his sentencing hearing, we review the district court's determination of drug quantity under the plain error standard.  United States v. El Hani, 37 F.3d 1280, 1284-85 (8th Cir. 1994).  In this case, a co-conspirator testified that Dennis Carter always sent crack cocaine to the co-conspirators, and Lindsey stipulated that the seized material was cocaine base, or crack cocaine.  In light of this evidence, it was not plain error to hold Lindsey accountable for the 1.5 kilograms of crack cocaine that were seized from Bayard Street.

III.

For the foregoing reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.