# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 52843

STATE OF IDAHO,                     )

                                     )

      **Plaintiff-Respondent,**      )

                                     )     **Boise, October 2025 Term**

v.                                    )

                                     )     **Opinion Filed: November 19, 2025**

DILLON BRUMBAUGH        )

MCGARVEY,                   )     **Melanie Gagnepain, Clerk**

                                     )

      **Defendant-Appellant.**       )

_____)

Appeal from the District Court of the Second Judicial District of the State of Idaho, Nez Perce County. Mark T. Monson, District Judge.

The district court's judgment of conviction is <u>vacated,</u> and the case is <u>remanded</u> for proceedings consistent with this opinion.

Erik R. Lehtinen, State Appellate Public Defender, Boise, attorneys for Appellant. Brian Dickson argued.

Raúl Labrador, Attorney General, Boise, attorneys for Respondent. Mark Olson argued.

_____

BEVAN, Chief Justice.

Dillon McGarvey appeals from his judgment of conviction for felony possession of a controlled substance. McGarvey entered a guilty plea to the charge pursuant to a plea agreement under Idaho Criminal Rule 11(f). After McGarvey failed to appear for a presentence appointment, and for sentencing, he was arrested on a bench warrant. Despite his failures to appear, McGarvey sought to enforce the terms of the plea agreement, which stated that the agreement would be "null and void" for, among other things, McGarvey's failure to appear for his presentence appointment and for sentencing. The district court declined McGarvey's request to enforce the plea agreement. The court concluded that the "null and void" provision in the plea agreement released the State and the court from their obligations under the agreement, but that McGarvey was bound by his earlier guilty plea. The court thereafter imposed a sentence inconsistent with the agreement without affording McGarvey the opportunity to withdraw his plea. On appeal, McGarvey asserts that the

1

district court erred by (1) construing the plea agreement to have continuing effect against him despite the "null and void" clause, and (2) failing to comply with Idaho Criminal Rule 11(f)(4), which required the court to permit withdrawal of his plea upon rejection of the agreement. For the reasons below, we vacate the judgment of conviction and remand for further proceedings consistent with this opinion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

McGarvey was charged with felony possession of a controlled substance, misdemeanor possession of drug paraphernalia, and misdemeanor possession of burglary tools. McGarvey and the State entered into a plea agreement pursuant to Idaho Criminal Rule 11(f). Under the agreement, McGarvey agreed to plead guilty to the felony charge, and the State agreed to dismiss the two misdemeanors. In exchange for his guilty plea, McGarvey agreed that the court would sentence him to no more than a determinate period of two years plus an indeterminate period of two years, but the sentence would be suspended and McGarvey would be placed on probation for four years. The agreement also stated:

> The [c]ourt may accept or reject this Plea Agreement pursuant to Rule 11(f)(1) of the Idaho Criminal Rules. Should the [c]ourt reject the plea agreement, the Defendant shall have the right to withdraw from the Plea Agreement, withdraw his plea of guilty, and proceed to trial on the counts presently charged.

Relevant to this appeal, Paragraph 16 of the plea agreement contained a clause covering breach, which provided:

> The above Agreement *is null and void* if the Defendant fails to keep any promise made in this Agreement, including but not limited to: *make an appearance at the presentence appointment, sentencing*, if the failure to appear is without good cause, or commits a new crime. Defendant agrees that if Defendant fails to keep any promise made in this Agreement, Defendant gives up: 1) the right not to be placed twice in jeopardy for the offense(s) to which Defendant entered a plea of guilty or which were dismissed under this Agreement; 2) any right under the Constitution laws of the United States and or the State of Idaho to be charged or tried in a more speedy manner for any charge that is brought as a result of defendant's failure to keep this Agreement; and 3) the right to be charged within the applicable statute of limitations period for any charge that is brought as a result of Defendant's failure to keep this Agreement, and on which the statute of limitations expired after Defendant entered into this agreement.

(Emphasis added).

At the change-of-plea hearing, the district court confirmed that McGarvey had signed and understood the plea agreement. The court explained: "[t]he way it works is, I would take your plea

2

today; and then at sentencing, the sentencing judge would either sentence you in accordance with that agreement or give you the chance to take back your plea. Do you understand that?" McGarvey replied, "Yes." The court also confirmed that McGarvey understood "if you plead guilty and you're sentenced in accordance with the Rule 11 Agreement, you won't get a chance to take back your plea," to which McGarvey again responded, "Yes, sir."

Finding that McGarvey's plea was entered knowingly, intelligently, and voluntarily, the court accepted his guilty plea and ordered a presentence investigation (PSI). After McGarvey failed to complete his PSI questionnaire and did not appear for sentencing, the district court issued a bench warrant.

After McGarvey was arrested on the warrant, he appeared at a subsequent status conference. The district court raised the issue of whether McGarvey's failure to appear triggered the "null and void" provision in the plea agreement and whether the State sought to be relieved of its obligations under the agreement. The State responded that it had not yet taken a position and would confer with defense counsel before sentencing. Defense counsel noted that McGarvey wished to complete the PSI process and "pursue his Rule 11—the agreement in the Rule 11 understanding that the State might not be bound by that."

At sentencing, the State argued that McGarvey's failure to appear and to complete the PSI relieved it of its obligations under the agreement. Defense counsel contended that the State should still be bound, noting that the prosecutor had not suggested before sentencing that the State would withdraw from the Rule 11 agreement. The district court read Paragraph 16 of the plea agreement into the record and concluded:

> "I think the—really the part that we are dealing with here relates to the Defendant failing to keep or make an appearance at the presentence appointment and sentencing if the failure to appear is without good cause . . . and that specifically says that this agreement is null and void if that happens."

After determining that McGarvey lacked good cause for failing to appear, the court found "that the express terms of the Rule 11 Plea Agreement indicate that absent good cause, a failure to appear at the sentencing hearing renders the agreement null and void, and certainly the [c]ourt is not bound by this agreement."

McGarvey was not permitted to withdraw his plea. When given an opportunity to speak, he stated: "I pled guilty for the Rule 11, and it was my understanding that if that wasn't the case, that I'd be able to get my plea back." The district court responded that McGarvey's failure to

appear "relieved everybody from the obligation under the Rule 11 Plea Agreement to have this binding recommendation." The district court then sentenced McGarvey to a determinate term of two years' imprisonment followed by an indeterminate term not to exceed two years.

McGarvey appealed to the Idaho Court of Appeals, which affirmed the district court's judgment. He then petitioned for review to this Court, which was granted.

## II.    ISSUES ON APPEAL

1.    Whether the district court erred by determining the "null and void" provision of the plea agreement relieved the State and district court of their obligations under the agreement but still had legal effect against McGarvey.

2.    Whether the district court erred by declining to provide McGarvey the opportunity to withdraw his plea under Idaho Criminal Rule 11(f)(4).

## III.    STANDARDS OF REVIEW

"When considering a case on review from the Court of Appeals, we do not merely review the correctness of the decision of the Court of Appeals." *State v. Haws*, 167 Idaho 471, 475, 472 P.3d 576, 580 (2020) (citation modified) (quoting *State v. Glodowski*, 166 Idaho 771, 774, 463 P.3d 405, 408 (2020)). "Rather, this court acts as though it is hearing the matter on direct appeal from the decision of the trial court; however, this Court does give serious consideration to the decision of the Court of Appeals." *Id.* (citation modified).

## IV.    ANALYSIS

McGarvey argues that the district court erred by refusing to give him the opportunity to withdraw his plea. Alternatively, McGarvey maintains that the district court erred by determining that the "null and void" provision in the plea agreement relieved only the State of its obligations but had continuing legal effect against McGarvey. As a threshold matter, the State argues that both of McGarvey's arguments are unpreserved on appeal. The State contends that McGarvey did not properly raise the issue of whether he should be allowed to withdraw his guilty plea below, and thus it is unpreserved. McGarvey counters that he "specifically asserted it was his understanding that he would be able to withdraw his plea if the district court did not impose the agreed-upon sentence," and "the district court expressly addressed Mr. McGarvey's assertion in that regard, rejecting his assertion on its merits."

The State also contends that McGarvey failed to preserve his argument that the district court misconstrued the "null and void" term of the plea agreement. McGarvey maintains that the issue is preserved because the "district court ruled against [him] on that issue, specifically citing

4

the 'null and void' term of the plea agreement." For the reasons below, we hold that McGarvey's arguments are preserved for appeal.

This Court has held that an issue is preserved for appeal either when a party argues it below with citation and authority, "*or . . . the trial court issues an adverse ruling. Both are not required.*" *State v. Miramontes*, 170 Idaho 920, 925, 517 P.3d 849, 854 (2022) (emphasis in original). This Court has also recognized that when "the bedrock of [an appellant's] argument is present in the record and the district court made a determination on the issue," the issue is preserved on appeal. *State v. Godwin*, 164 Idaho 903, 914, 436 P.3d 1252, 1263 (2019).

We first examine McGarvey's argument that he should have been permitted to withdraw his plea. After the district court announced its intention to not be bound by the terms of the plea agreement, McGarvey specifically asserted it was his understanding that he would be able to withdraw his plea if the district court did not impose the agreed-upon sentence.

> Well, I pled guilty for the Rule 11, and *it was my understanding that if that wasn't the case, that I'd be able to get my plea back.* Just because I -- you know, I was blind-sided last time with this as well, and that's why I have done my due diligence not committing any more crimes and staying sober. And I believe probation would be better for me than getting out with nowhere to stay and not having any housing besides, you know, with other drug offenders.

(Emphasis added).

After making that assertion, the district court also acknowledged McGarvey's understanding that he would be able to withdraw his plea:

> In this particular case, I have had a chance to review the Rule 11 Plea Agreement, I have reviewed the presentence report, I have considered the arguments of counsel. So, Mr. McGarvey, what happened is at the time you entered into the Rule 11 Plea Agreement, you were correct that this was heading for a period of probation. What happened is when you failed to appear at your sentencing hearing, one of the specific terms of the Rule 11 Plea Agreement was that if you didn't appear at sentencing, then that agreement was null and void.
>
> And what happened at that point is that allowed the State to make their own recommendation. Had this not happened, I would have been in a position of saying, okay, I'm either going to accept this agreement or I'm going to reject this agreement; and had I rejected the agreement, you would have been free to go back to square one. That's where you would have been had you not failed to appear at the sentencing hearing.
>
> When you failed to appear at that sentencing hearing, what happened is that relieved everybody from the obligation under the Rule 11 Plea Agreement to have this binding – binding recommendation. So that's why we are here . . . .

Whether McGarvey would be allowed to withdraw his plea pursuant to Idaho Criminal Rule 11(f) was raised, McGarvey took a position on it, and the district court ruled on it. Indeed, the district court's colloquy with McGarvey explained why it would not allow him to withdraw the plea under Rule 11. Thus, McGarvey's argument on appeal, that the district court failed to comply with Idaho Criminal Rule 11(f) in making that ruling, was preserved for appeal.

Turning to the "null and void" provision, at his sentencing hearing, a few conversations occurred between the district court and McGarvey that inform our decision. Shortly after the sentencing hearing began, the court asked defense counsel: "Okay. [counsel], do you want to be heard on the issue of the Rule 11 plea agreement, and whether it's null and void pursuant to the terms of that agreement?"

Although defense counsel indicated he *did* want to be heard on the issue, his later statements failed to mention the null and void provision. The district court read aloud the provision of the plea agreement that addressed the null and void clause, noting that the clause was triggered "as a result of the [d]efandant's failure to keep this agreement . . . ." That was relevant because, as the court noted:

> the part that we are dealing with here relates to the [d]efendant failing to keep or make an appearance at the presentence appointment and sentencing if the failure to appear is without good cause. I note that the [c]ourt initially -- and that specifically says that this agreement is null and void if that happens.

The district court asked McGarvey whether he had any good cause to excuse his failure to appear. McGarvey said he did not. The district court then made a finding:

> THE COURT: Okay. Then I am going to find that the express terms of the Rule 11 Plea Agreement indicate that absent good cause, *a failure to appear at the sentencing hearing renders the agreement null and void*, and certainly the [c]ourt is not bound by this agreement; and so that's going to be my specific finding as to the Rule 11 Plea Agreement.

(Emphasis added).

The district court's ruling is sufficient to preserve McGarvey's arguments on appeal under *Miramontes*, but this is a close call. Indeed, this case tests the outer boundary of our preservation rules. In *Miramontes*, as referenced above, this Court clarified that an issue may be preserved for appellate review either when a party presents and argues the issue below, *or when the trial court issues an adverse ruling—both are not required*. 170 Idaho at 925, 517 P.3d at 854. The district court's explicit ruling that the Rule 11 agreement was "null and void" constitutes an adverse ruling

sufficient to preserve the issue for appeal, even though McGarvey's counsel did not independently argue that point. Still, we caution that this result should not be read to expand *Miramontes* beyond its intended scope. Preservation remains grounded in the adversarial process, and counsel should not rely on a district court's sua sponte ruling to preserve issues not raised below. While the district court's adverse ruling brings this case within *Miramontes*, future litigants are reminded that the better practice, and the expectation, is to raise and develop all arguments expressly before the trial court.

Having determined McGarvey's claims are preserved, we turn to the merits of his appeal. We first address the district court's interpretation of the "null and void" clause, then whether the court erred by denying McGarvey the opportunity to withdraw his plea under Rule 11(f)(4).

**A.** **The district court erred by construing the "null and void" clause as voidable at the election of the State.**

The district court determined that the "null and void" clause relieved the State of its obligation to stand by its sentencing recommendation. Because McGarvey failed to appear at the sentencing hearing, the court concluded that the State was free to argue for a greater sentence than the parties had agreed upon. In effect, the court interpreted "null and void" to mean "voidable at the election of the State." McGarvey contends this interpretation was erroneous. We agree.

"Plea agreements are essentially bilateral contracts between the prosecutor and the defendant." *State v. Haws*, 167 Idaho 471, 475, 472 P.3d 576, 580 (2020) (quoting *McKinney v. State*, 162 Idaho 286, 296, 396 P.3d 1168, 1178 (2017)). Thus, "this Court reviews plea agreements using general contract principles." *Id*. (citing *State v. Cope*, 142 Idaho 492, 495, 129 P.3d 1241, 1244 (2006)). "Whether a plea agreement has been breached is a question of law to be reviewed by this Court *de novo*, in accordance with contract law standards." *State v. Gomez*, 153 Idaho 253, 255, 281 P.3d 90, 92 (2012) (quoting *State v. Peterson*, 148 Idaho 593, 595, 226 P.3d 535, 537 (2010)). "When interpreting a contract, this Court begins with the document's language." *Sunnyside Park Utilities, Inc. v. Sorrells*, __ Idaho __, 568 P.3d 820, 830 (2025) (citation omitted). "The first step is to determine whether or not there is an ambiguity in the contract's plain language." *Id.* (citation modified). "A contract is ambiguous if it is reasonably subject to conflicting interpretations." *Id.* (quoting *Caldwell Land & Cattle, LLC v. Johnson Thermal Sys., Inc.*, 165 Idaho 787, 796, 452 P.3d 809, 818 (2019)); *see also Litster v. Litster Frost Inj. Lawyers PLLC*, 174 Idaho 860, __, 560 P.3d 1007, 1018 (2024) ("For a contract term to be ambiguous,

7

there must be at least two different reasonable interpretations of the term, or it must be nonsensical." (citation omitted)). "Determining whether a contract is ambiguous is a question of law over which this Court exercises free review." *Sunnyside Park Utilities, Inc.*, __ Idaho at __, 568 P.3d at 830 (citation omitted). "If the contract is ambiguous, extrinsic evidence may be considered to discern the true intent of the parties." *Litster*, 174 Idaho at __, 560 P.3d at 1018.

Paragraph 16 of McGarvey's plea agreement (the "null and void" clause) provides: "The above Agreement is null and void if the Defendant fails to keep any promise made in this Agreement, including but not limited to: make an appearance at the presentence appointment, sentencing, if the failure to appear is without good cause."

Although neither party asserts that this term is ambiguous, each offers competing interpretations. McGarvey argues that "null and void" means the agreement would lose all legal effect upon his breach, returning the case to its pre-agreement posture—before entry of his guilty plea. The State counters that the clause merely rendered the agreement unenforceable by McGarvey, freeing the State from its obligations but leaving McGarvey's guilty plea intact. The State's interpretation is unpersuasive given the plain meaning of "null and void."

"Null" means "[h]aving no legal effect; without binding force." Null, BLACK'S LAW DICTIONARY (12th ed. 2024). The phrase "null and void" is a common redundancy that denotes a total absence of legal effect. *Id*. "A void contract is 'a promise for breach of which the law neither gives a remedy nor otherwise recognizes a duty of performance by the promisor . . . such a promise is not a contract at all; it is the "promise" or "agreement" that is void of legal effect.'" *Drug Testing Compliance Grp. v. DOT Compliance Serv.*, 161 Idaho 93, 101, 383 P.3d 1263, 1271 (2016) (quoting Restatement (Second) of Contracts § 7 cmt. a (1981)). Thus, "void contracts are deemed never to have existed in the eyes of the law." *Id*.

By its plain terms, Paragraph 16 provides that the agreement "is null and void" upon McGarvey's breach. Nothing in the agreement limits that effect to the State's obligations or reserves to the State a unilateral election to void the agreement. Nor does the agreement contain any provision depriving McGarvey of the right to withdraw his plea if the agreement becomes void. Under settled contract principles, courts enforce the plain meaning of the parties' chosen words, not unexpressed intentions. *See Sunnyside Park Utilities, Inc.*, __ Idaho at __, 568 P.3d at 830.

This Court has recognized that parties to a contract may pre-select remedies, and courts will enforce those elections as written. *Phillips v. Gomez*, 162 Idaho 803, 810, 405 P.3d 588, 595 (2017). The parties here elected to use the phrase "null and void," which carries a settled legal meaning. The district court erred by disregarding that meaning and construing the clause as "voidable at the election of the State."

Federal appellate authority supports our conclusion. In *United States v. Gardner*, 5 F.4th 110 (1st Cir. 2021), the First Circuit held that a plea agreement, which read that it would be "null and void" on certain conditions became void when the defendant breached its terms, and that the defendant retained the right to withdraw his guilty plea absent an express provision to the contrary. *Id*. at 115–18. Likewise, in *United States v. Fernandez*, 960 F.2d 771 (9th Cir. 1992), the Ninth Circuit held that a "null and void" clause required the district court either to allow the defendant to withdraw his plea or to sentence him within the agreed range. These cases reflect the principle that, when a plea agreement becomes void, the agreement loses legal effect against *all* parties, not just the defendant.

Considering the plain language of the agreement, the ordinary legal meaning of "null and void," and the record of the proceedings below, the most reasonable interpretation is that upon McGarvey's breach the agreement would be unenforceable by either party. The district court therefore erred by construing the clause as rendering the plea agreement voidable by the State yet binding against McGarvey.

This case underscores the need for precision in plea agreements, particularly regarding the consequences of a defendant's breach. Plea agreements should "[be] clearer . . . about the consequences of a defendant's breach." *Gardner*, 5 F.4th at 120. Courts enforce such agreements according to their plain language; any ambiguity concerning the effect of a breach can produce uncertainty and invite appellate review. If the State wishes to hold a defendant to a plea in the event of a breach, it should be "absolutely clear in a plea agreement that a breach by the defendant releases the government from its obligation to recommend leniency but does not release the defendant from the plea of guilty." *United States v. Rivera*, 954 F.2d 122, 125 (2d Cir. 1992). Here, the agreement fails to accomplish that objective due to the inclusion of the "null and void" language. Clear, unambiguous terms help preserve the integrity of the plea process and ensure that both parties understand their rights and obligations under the agreement. The plea agreement here did not meet these standards.

9

**B.     The district court erred by declining to provide McGarvey the opportunity to withdraw his plea under Idaho Criminal Rule 11(f)(4).**

Although we recognize that the "null and void" provision rendered the plea agreement unenforceable upon McGarvey's breach, the district court was still required to proceed under Idaho Criminal Rule 11. Only the court, not the parties, may declare a plea agreement void. *United States v. Cox*, 985 F.2d 427, 430 (8th Cir. 1993). By declining to be bound by the agreement's terms, the district court effectively rejected the plea agreement under Rule 11(f)(4). Thus, despite the agreement's unenforceability, we must still consider whether the district court complied with the procedural requirements of Rule 11(f) when it rejected the plea agreement and imposed sentence.

McGarvey argues the district court never accepted his plea agreement because it refused to be bound by its terms under Rule 11(f)(3). He further asserts that the court rejected the plea agreement after McGarvey failed to appear at later proceedings, as required by the agreement. McGarvey contends that the district court was therefore required to afford him an opportunity to withdraw his plea following the rejection, pursuant to Rule 11(f)(4), which states: "[i]f the court rejects the plea agreement, the court must on the record . . . afford the defendant the opportunity to withdraw the defendant's plea[.]" I.C.R. 11(f)(4). The State counters that Rule 11(f)(4) does not apply because the district court did not reject the plea agreement but merely found it unenforceable after McGarvey's breach.

The language and structure of Rule 11 indicate that acceptance of a plea of guilty and acceptance of a plea agreement are two distinct procedures and two separate events. *See* I.C.R. 11. Subdivisions 11(c) and 11(d) both address acceptances of a guilty *plea*, whereas subdivision 11(f) addresses plea *agreement* procedures. I.C.R. 11(c), (d), and (f); *see also United States v. Hyde*, 520 U.S. 670, 674 (1997) (concluding based on similar provisions in federal Rule 11 that "[g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time."). Idaho Criminal Rule 11(c) reads:

> Before a *plea of guilty* is accepted, the record of the entire proceedings, including reasonable inferences, must show:
>
> (1) the voluntariness of the plea;
>
> (2) that the defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences that may apply;

10

(3) that the defendant was advised that, by pleading guilty, the defendant would waive the right against compulsory self-incrimination, the right to trial by jury, and the right to confront witnesses against the defendant;

(4) that the defendant was informed of the nature of the charge against the defendant; and

(5) whether any promises have been made to the defendant, or *whether the plea is a result of any plea bargaining agreement*, and if so, the nature of the agreement and that the defendant *was informed that the court is not bound* by any promises or recommendation from either party as to punishment.

*Id.* (emphasis added). Rule 11(d) requires courts, when accepting pleas, to inform the defendant of certain additional limitations. I.C.R. 11(d).

Rule 11(f) is entitled "Plea Agreement Procedure." *Id.* The rule provides a list of four categories of agreements the prosecution and defense may enter into, when the defendant pleads "guilty to a charged offense or to a lesser or related offense[.]" I.C.R. 11(f)(1). The four permitted actions a prosecutor may agree to take in a plea agreement are:

(A) move for dismissal of other charges;

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that the recommendation or request is not binding on the court;

(C) agree that a specific sentence is the appropriate disposition of the case; or

(D) agree to any other disposition of the case.

I.C.R. 11(f)(1)(A)—(D).

Rule 11(f)(2), which is entitled "Notice of Plea Agreement," reads:

If a plea agreement is reached by the parties, the court must, *on the record*, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, *at the time the plea is offered*. If the agreement has the terms of subdivision (f)(1)(A), (C) or (D), *the court may accept or reject the agreement*, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement has the term stated in subdivision (f)(1)(B), the court must advise the defendant that, even if the court does not accept the recommendation or request, the defendant has no right to withdraw his plea.

I.C.R. 11(f)(2) (emphasis added).

At the change-of-plea hearing here, the district court largely followed the procedures for accepting a guilty plea under Rule 11(c) and (d), ensuring McGarvey's plea was entered knowingly, intelligently, and voluntarily. The court also informed McGarvey that it was not bound by any promises in the agreement, as required by Rule 11(c)(5). However, the court did not accept

the plea agreement and deferred its decision to the sentencing judge: "[A]t sentencing, the sentencing judge would either sentence you in accordance with that agreement or give you the chance to take back your plea." *See* I.C.R. 11(f)(2). The record shows that the court accepted the guilty plea "but deferred to the sentencing judge on whether to accept the plea agreement."

Rule 11(f)(2) provides that, at the time the plea is offered, the court may accept or reject the agreement or defer its decision until after considering the presentence report. Even when the court defers, it retains only two options: accept or reject the plea agreement. *See generally* I.C.R. 11(f). Because the "null and void" clause rendered the agreement unenforceable upon McGarvey's breach, the court was required to reject the plea agreement. Rule 11 does not include an exception allowing a court to impose a sentence inconsistent with the agreement upon a defendant's breach, although we recognize the parties may contractually negotiate for such a provision. That did not happen here.

Upon rejection of the plea agreement, Rule 11(f)(4)(C) mandated that the district court provide McGarvey the opportunity to withdraw his plea. I.C.R. 11(f)(4)(C). By failing to do so, the district court did not comply with the mandatory procedures of Rule 11(f)(4). Because the district court effectively rejected McGarvey's unenforceable plea agreement without affording him the opportunity to withdraw his plea, it erred in failing to follow the clear and mandatory procedures of Rule 11(f)(4).

## V. CONCLUSION

The "null and void" provision in the plea agreement rendered the agreement unenforceable on McGarvey's breach. The district court's conclusion to the contrary was error. Further, the district court erred in failing to afford McGarvey an opportunity to withdraw his plea under Idaho Criminal Rule 11(f). As a result, the district court judgment of conviction is vacated, and the case is remanded for further proceedings consistent with this opinion.

JUSTICES BRODY, MOELLER, ZAHN, and MEYER CONCUR.

12