56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Darrell Dean PONCA, also known as Darrell Dean Richards, Appellant.
 No. 94-3981
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1995
Filed: May 18, 1995
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 During the time Darrell Dean Ponca lived with his former wife and her four grandchildren, he sexually abused one of the grandchildren on two occasions. Ponca later pleaded guilty to sexual abuse of a minor, in violation of 18 U.S.C. Secs. 1153 and 2243. He appeals his sentence, arguing that the district court[1] incorrectly assessed a base offense level of 27 under U.S.S.G. Sec. 2A3.1, because in committing the offense, he did not use force against the victim or place the victim in fear. We affirm.
 
 
 2
 The Guideline for sexual abuse of a minor, U.S.S.G. Sec. 2A3.2, provides for a base offense level of 15, but directs the application of section 2A3.1 if the offense involved criminal sexual abuse or attempted criminal sexual abuse as defined in 18 U.S.C. Sec. 2241 or Sec. 2242. See U.S.S.G. Sec. 2A3.2(a), (c)(1). Section 2241 includes the act of causing another to engage in a sexual act by using force against that person, see 18 U.S.C. Sec. 2241(a)(1), or by threatening or placing the other person in fear that any person will be subject to death, serious bodily injury, or kidnapping, see 18 U.S.C. Sec. 2241(a)(2). Section 2242 includes the act of causing another to engage in a sexual act by threatening or placing that other person in fear other than by the means described in section 2241(a)(2). See 18 U.S.C. Sec. 2242(1).
 
 
 3
 After concluding that Ponca's offense involved the use of force as described in section 2241(a)(1), and also fell within the scope of section 2242(1), the court assessed a base offense level of 27 under section 2A3.1. We review for clear error the district court's factual determinations, and we review de novo the application of a Guidelines provision to the facts of a case. United States v. Frieberger, 28 F.3d 916, 918 (8th Cir. 1994), cert. denied, 115 S. Ct. 765 (1995).
 
 
 4
 At sentencing, the victim-who was thirteen at the time of the incidents-testified that on one or both occasions, Ponca grabbed him and pulled him into a room, prevented him from escaping, held him down, and warned him not to tell others what happened. The victim also testified that Ponca was physically larger than he was, and that he was hardly home after the first incident because he was afraid of Ponca. A treating psychologist testified that the victim had said he was frightened during the two incidents. Based on this testimony, we conclude the district court did not err in assessing a base offense level of 27 under the applicable Guidelines. See United States v. Johns, 15 F.3d 740, 743 (8th Cir. 1994) (Sec. 2242 envisions lesser degree of fear than fear of death, serious bodily injury, or kidnapping); United States v. Fire Thunder, 908 F.2d 272, 274 (8th Cir. 1990) (force requirement of Sec. 2241(a)(1) met when sexual contact resulted from restraint upon another person such that person could not escape sexual attack).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John B. Jones, Senior United States District Judge for the District of South Dakota