# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-3682

_____

United States of America,

            Appellee,

v.

Barbara J. Stewart,

            Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*     [UNPUBLISHED]
\*
\*

_____

Submitted: May 22, 1997
Filed: May 30, 1997

_____

Before, BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Barbara Stewart pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Her presentence report (PSR) recommended a two-level increase to her offense level under U.S. Sentencing Guidelines Manual § 3B1.1(c) (1995) based on her role in the offense. The PSR noted the adjustment was assessed because Stewart "directed the activities" of two co-defendants, Delores Quarles and Michael Cacopardo, and involved her husband in the conspiracy.

At sentencing, Stewart objected, inter alia, to the PSR's factual statements regarding her role. The government attorney responded that "the testimony or the evidence would have been that Delores Quarles and Michael Cacopardo were working with and for . . . Stewart in the distribution of the drugs." The district court denied Stewart's objection and assessed the section 3B1.1(c) adjustment, noting that its ruling was based upon the PSR. The court sentenced Stewart to 70 months imprisonment and four years supervised release. This appeal followed.

Stewart contends the district court erred in assessing the section 3B1.1(c) adjustment. Such an adjustment is appropriate where the defendant organized, supervised, led, or managed criminal activity that involved fewer than five participants and was not otherwise extensive. The government must prove by a preponderance of the evidence that the adjustment applies. See United States v. Frieberger, 28 F.3d 916, 919 (8th Cir. 1994), cert. denied, 513 U.S. 1097 (1995). We conclude that the district court erred in applying the section 3B1.1 adjustment here. See United States v. Skorniak, 59 F.3d 750, 757 (8th Cir.) (standard of review), cert. denied, 116 S. Ct. 487 (1995). Once Stewart challenged the factual statements in the PSR, the district court was required to make a finding on the basis of evidence, and the PSR and statements of counsel are not evidence. See United States v. Green, 41 F.3d 383, 386 (8th Cir. 1994) (per curiam); United States v. Hammer, 3 F.3d 266, 271-72 (8th Cir. 1993), cert. denied, 510 U.S. 1139 (1994); United States v. Wise, 976 F.2d 393, 404 (8th Cir. 1992) (en banc), cert. denied, 507 U.S. 989 (1993).

As to the other sentencing issues Stewart raises, we conclude first that the district court did not clearly err in basing its drug-quantity finding on Stewart's stipulation in the plea agreement. See United States v. Randolph, 101 F.3d 607, 609 (8th Cir. 1996). Second, contrary to Stewart's assertion, the safety-valve exception to mandatory minimum sentences under U.S. Sentencing Guidelines Manual § 5C1.2 (1995) was inapplicable because Stewart's Guidelines range exceeded the five-year mandatory minimum sentence. We note, however, that if on remand the district court

finds that Stewart was not an organizer or leader under section 3B1.1, her Guidelines range would fall below the mandatory minimum, and she could be eligible for safety-valve relief provided she satisfied the remaining criteria.

Because we are remanding for resentencing, we conclude that it is unnecessary to address any downward-departure issues at this time. Finally, we decline to consider Stewart's argument regarding her plea, raised for the first time on appeal. See United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir. 1995).

The sentence is vacated, and the case is remanded for resentencing consistent with the views set forth in this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.