United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2373

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *   Appeal from the United States
      v.                                     *   District Court for the
                                             *   District of South Dakota.
Gregory Franklin Tauer,                      *
                                             *        [UNPUBLISHED]
            Appellant.                       *

_____

Submitted: February 19, 1998
Filed: March 2, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

While he was an inmate at the South Dakota State Penitentiary, Gregory Franklin Tauer prepared and filed Internal Revenue Service 1040-EZ forms that reported fictitious wages and contained requests for an income-tax refund. Tauer later pleaded guilty to four counts of filing a false income tax return, in violation of 18 U.S.C. § 287. The district court[1] sentenced Tauer to 24 months imprisonment and three years supervised release, and he appeals. We affirm.

_____

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

Tauer first argues that the district court erred in assessing a two-level increase under U.S. Sentencing Guidelines Manual § 2F1.1(b)(2)(A) (1997) for more than minimal planning, because he did not engage in complicated pre-offense planning and the offenses were simplistic. Based upon the repetitive nature of Tauer's conduct--he filed false tax returns at least four times over a four-month period in 1993--we conclude that the district court did not clearly err in applying the increase. See U.S. Sentencing Guidelines Manual § 1B1.1, comment. (n.1(f)) (1997) (more than minimal planning is deemed present in any case involving repeated acts over period of time, unless it is clear each instance was purely opportune); United States v. Sykes, 4 F.3d 697, 699 (8th Cir. 1993) (per curiam) (noting repetitive nature of criminal conduct by itself may warrant adjustment; affirming enhancement as not clearly erroneous where defendant forged name on and attempted to cash at least two checks, and was successful in cashing other stolen checks).

Next, Tauer contends that he should not have received one criminal history point for a prior state petty-theft conviction, because it is similar to the offense of "[i]nsufficient funds check," which is included on an exclusionary list in U.S. Sentencing Guidelines Manual § 4A1.2(c)(1) (1997) (specified non-felony offenses and offenses similar to them are not counted for criminal history purposes unless resulting sentence was at least one year probation or 30 days imprisonment, or unless non-felony offense was similar to instant offense). We agree with the district court that Tauer's petty-theft conviction does not qualify for exclusion under section 4A1.2(c)(1). See United States v. Ziglin, 964 F.2 756, 758 (8th Cir. 1992).

We also reject Tauer's argument that the conviction should not have been counted because it was uncounseled, given the lack of any evidence that his waiver of counsel was constitutionally unsound. See United States v. Strange, 102 F.3d 356, 362 (8th Cir. 1996) (defendant may challenge prior conviction in federal sentencing hearing where defendant claims prior conviction was obtained following constitutionally unsound waiver of counsel); United States v. Early, 77 F.3d 242, 245 (8th Cir. 1996)

(per curiam) (for sentencing purposes, after government has carried its initial burden of proving fact of conviction, it is defendant's burden to show prior conviction was not constitutionally valid).

Finally, we reject Tauer's argument that the district court engaged in double-counting when it assessed two criminal history points for committing the instant offense while he was incarcerated on another conviction, see U.S. Sentencing Guidelines Manual § 4A1.1(d) (1997), as well as an additional point under U.S. Sentencing Guidelines Manual § 4A1.1(e) (1997) (requiring addition of two points when defendant commits instant offense less than two years after release from imprisonment on sentence counted under subsections (a) or (b) or while in imprisonment or escape status on such sentence; but providing for only one point when two points already have been added under § 4A1.1(d)). See United States v. Frieberger, 28 F.3d 916, 920 (8th Cir. 1994) (Guidelines take double-counting argument into account by providing for only one point under § 4A1.1(e) when two points are added under subsection (d)), cert. denied, 513 U.S. 1097 (1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.