decide whether his early release from probation should be treated the same as is early release from incarceration, with the result that it would not qualify the defendant for the additional one point on his criminal history score.

Although there appears to be no authority on this question one way or the other, we conclude that the language of § 4A1.2(c)(1)(A) is too clear to permit such an interpretation of the applicable provision. We thus hold that the term of probation imposed by the trial court, rather than the actual length of probation served by the defendant, is controlling on the calculation pursuant to § 4A1.2(c)(1)(A). It follows that the district court did not err in its criminal history calculation.

### CONCLUSION

We conclude that the issues raised by Edwards on appeal are either moot or without merit. We therefore AFFIRM the judgment of the district court.

---

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0411P (6th Cir.)
File Name: 01a0411p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*                                  No. 00-3391

LARRY H. EDWARDS,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 99-00136—George C. Smith, District Judge.

Argued: September 11, 2001

Decided and Filed: November 28, 2001

Before: DAUGHTREY and GILMAN, Circuit Judges;
COHN, Senior District Judge.[*]

———————

### COUNSEL

**ARGUED:** Robert E. Rosenberg, Ravenna, Ohio, for Appellant. Daniel Allen Brown, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

---

[*] The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

**ON BRIEF:** Robert E. Rosenberg, Ravenna, Ohio, for Appellant. Daniel Allen Brown, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

———————

## OPINION

———————

MARTHA CRAIG DAUGHTREY, Circuit Judge. The defendant, Larry Edwards, entered guilty pleas to one count of conspiracy to receive and possess stolen mail and one count of obstruction of justice. Subsequently, the district court grouped the two counts for sentencing purposes and ordered the defendant to serve concurrent 51-month prison terms and to pay restitution to the victims of the crimes. On appeal, Edwards now challenges various aspects of the sentence imposed upon him. We find no reversible error and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts pertinent to the defendant's convictions in this matter were admitted by Edwards at his change of plea hearing. At the proceeding, he agreed with the following recitation of evidence provided by a United States Postal Inspector:

> Larry H. Edwards and his co-defendant, Michelle R. Dave, together and separately, would recruit others to assist them in stealing, taking and abstracting outgoing letters from authorized depositories for mail matter. Typically mailboxes in front of personal residences in the Central Ohio area.
>
> Defendant Edwards and co-defendant Dave and persons whom they recruited would search through those letters, seeking outgoing payments for bills and invoices. Dave and Edwards and persons whom they recruited would retain the bank checks found in such letters and

analysis under the personal acceptance of responsibility provisions of § 3E1.1. *See United States v. Harper*, 246 F.3d 520, 528 (6th Cir.), *cert. denied*, 122 S.Ct. 219 (2001) (under § 3E1.1, "the defendant must cooperate as to himself, not as to others"). Nevertheless, the detailed findings and comments made by the district judge at the sentencing hearing emphasize Edwards's lack of cooperation as to his own prosecution. Those factual determinations are not clearly erroneous and support the conclusion that Edwards did not, in fact, accept responsibility for his criminal misdeeds. The district court's refusal to reduce the defendant's sentence for acceptance of responsibility must, therefore, be upheld on appeal.

As a final issue, Edwards claims that the district court erred in adding one point to his criminal history category as a result of his combined prior convictions for reckless operation of a motor vehicle and for an administrative license suspension. According to the defendant, 88 days of his 90-day jail sentence for those crimes were suspended and, therefore, the sentence should have been excluded from the criminal history category calculation under the provisions of § 4A1.2(c)(1) of the sentencing guidelines. Pursuant to that guideline, prior misdemeanor offenses for reckless driving and driving on a revoked license are not counted in arriving at a final criminal history category score if the prior sentence was a term of probation less than one year or a term of actual imprisonment less than 30 days. *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(c)(1)(A).

Without question, Edwards did not spend at least 30 days incarcerated for the challenged offenses. Nevertheless, the pre-sentence report prepared for the defendant clearly indicates that, in addition to the two-day jail sentence, the defendant was also sentenced to "1 year probation" for the offenses. Hence, it would appear that under the provisions of § 4A1.2(c)(1) and § 4A1.1(c) of the guidelines, one point must be added to the defendant's criminal history category for the challenged offenses. However, Edwards was released from probation after only six months. We must therefore

denied any involvement in either the conspiracy to steal forged checks or for the beating of Robb Smith. During the second interview, the defendant admitted his participation in the conspiracy and also admitted to physically assaulting Robb Smith, but however, the defendant continued to deny that the assault was done for the purpose of intimidating Robb Smith and preventing him from talking to the police.

Further, the defendant has filed objections to the PSR wherein he denies certain conduct which he previously admitted in his plea agreement. For example, the defendant denies assaulting Paul Walsh, even though this conduct was one of the listed overt acts in Count 1 to which the defendant pleaded guilty. Additionally, in the defendant's second objection, . . . he denies having performed another one of the overt acts listed in Count 1, which also was included in his statement of facts. Generally, the defendant has denied various facts in an attempt to minimize his role in the conspiracy.

Taken as a whole, the defendant's conduct since pleading guilty indicates anything but an acceptance of responsibility. The defendant has continued to be uncooperative with the government, with the Probation Office and with this Court. He has obstructed justice and attempted to minimize his role in the offense by denying facts that he previously admitted in his plea agreement and which form a part of the counts of conviction. Therefore, the Court finds that the defendant is not deserving of a reduction for acceptance of responsibility . . . .

In part, the district court's denial of the acceptance of responsibility reduction was based upon Edwards's failure to offer satisfactory assistance in the apprehension of co-defendant Dave. Such a lack of cooperation in the investigation and arrest of *another* person, however, is arguably more germane to an inquiry under § 5K1.1 of the guidelines (substantial assistance to authorities) than to an

discard the remainder of the mail matter that they had stolen.

Defendant Edwards and co-defendant Dave would wash the writing from those bank checks in a chemical solution[ ], allow them to dry and thereafter rewrite and have persons whom they had recruited rewrite the checks, so that Edwards and Dave and their recruits could negotiate those rewritten checks.

Defendant Edwards knowingly and willfully participated in these activities in the Southern District of Ohio from approximately May 15 through August 31 of 1999.

On or about August 3rd, 1999, at the home of the co-defendant Dave at 2003 Minnesota Avenue, Columbus, Ohio, the defendant Larry H. Edwards and Dave willfully and knowingly used intimidation and physical force upon Robb A. Smith in order to persuade him not to cooperate with law enforcement authorities in the investigation of their activities and stealing, taking and abstracting letters from authorized depositories for mail matter and then receiving articles of mail which had been stolen, taken, embezzled and abstracted from authorized depositories for mail matter.

Faced with such evidence against him, Edwards entered guilty pleas to charges of conspiracy to receive and possess stolen mail and obstruction of justice. In exchange for the pleas, additional counts of the indictment returned against the defendant were dismissed. At sentencing, the district judge concluded that the two offenses of conviction should be grouped and the defendant sentenced in accordance with the higher of the offense levels applicable to the two crimes. The court thus calculated Edwards's offense level at 20, identified him as a criminal history category III offender, and sentenced him to 51 months in prison, the highest permissible sentence within the applicable sentencing range. The district judge also ordered the defendant to serve an additional three years on supervised release and directed Edwards and two co-

defendants to pay a total of $26,013.90 in restitution to the victims of the crimes. Edwards now raises six challenges to the calculation of his prison sentence.

### DISCUSSION

In evaluating sentencing issues on appeal, this court reviews "factual findings in relation to application of the Sentencing Guidelines . . . subject to the deferential 'clearly erroneous' standard of review." *United States v. Hurst*, 228 F.3d 751, 756 (6th Cir. 2000). "Legal conclusions are reviewed *de novo.*" *Id.*

In his first four allegations of error on appeal, the defendant takes issue with various aspects of the district court's calculation of the appropriate offense level for his conspiracy conviction. Specifically, Edwards contends that the district judge improperly increased the base offense level for the crime of conspiracy to receive and possess stolen mail a total of six levels: by miscalculating the amount of loss to the victims; by finding the defendant to be a manager or supervisor of criminal activity involving five or more people; by relying upon self-incriminatory statements made by Edwards to support that finding; and by enhancing Edwards's sentence for impeding the administration of justice when the defendant was also convicted of the substantive offense of obstruction of justice under 18 U.S.C. § 1512(b)(3).

Even with the allegedly improper adjustments to the base offense level for the crime, the district court ruled that Edwards's offense level for the conspiracy crime should be 18. Because the court grouped the offense of conspiracy and the offense of obstruction of justice for sentencing purposes, however, and because the obstruction of justice crime carried an adjusted offense level of 20, the adjustments to the conspiracy sentence calculation of which the defendant now complains had absolutely no effect on the actual prison term imposed upon him. Edwards's challenges to the calculation of the offense level for the crime of conspiracy to receive and possess stolen mail are, therefore, moot and we need not now address the merits of those individual claims.

Defendant Edwards also contends that the district court erred in refusing to grant him a reduction in his total offense level for his acceptance of responsibility, in accordance with the provisions of § 3E1.1 of the United States Sentencing Guidelines. Because of the fact-intensive nature of an acceptance of responsibility determination, however, a district court's decision in such a matter will be overturned only if clearly erroneous. *See United States v. Zimmer*, 14 F.3d 286, 289 (6th Cir. 1994). Moreover, the mere entry of a guilty plea does not entitle a defendant to a sentence reduction as a matter of right. *See United States v. Mahaffey*, 53 F.3d 128 134 (6th Cir. 1995).

In denying Edwards the requested acceptance of responsibility reduction, the district judge detailed the reasons for his decision as follows:

In this case, the defendant, after pleading guilty to Counts 1 and 8 of the Indictment, was released on bond for the express purpose of assisting law enforcement authorities in their search for Michelle Dave, who was a fugitive. One day after releasing the defendant, law enforcement located and arrested Ms. Dave, and the defendant was with her. Despite the obvious fact that the defendant had located Ms. Dave, the defendant did not attempt to contact law enforcement to notify them of Ms. Dave's whereabouts. In fact, the short time period between the defendant's release on bond and the law enforcement's finding of Ms. Dave with the defendant raises the inference that the defendant knew of Ms. Dave's whereabouts all along and intentionally kept that information from the authorities. It is blatant obstruction of justice and is not the type of conduct that evinces an acceptance of responsibility.

The defendant still denies certain essential elements of the offense to which he has pleaded guilty. The defendant has been interviewed twice by the Probation Office regarding his role in the offense of conviction. During his first interview, the defendant completely