**UNITED STATES of America Plaintiff–Appellee,**

v.

**Melvin L. FRANKLIN, Jr. Defendant–Appellant.**

No. 01–5094.

United States Court of Appeals, Sixth Circuit.

May 22, 2003.

Before BATCHELDER, and MOORE, Circuit Judges; and FORESTER, District Judge.*

FORESTER, District Judge.

The Defendant, Melvin L. Franklin, Jr., stands convicted of possessing marijuana with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). He now appeals, arguing that the district court erred by (1) failing to give him credit for his pretrial detainment and other pretrial restrictions upon his liberty; (2) denying his motion to dismiss for violations of the Speedy Trial Act; (3) depriving him of due process of law, and (4) converting cash found in his vehicle to a quantity of marijuana for sentencing purposes. For the following reasons, we AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In January of 1999, Tennessee Alcohol Beverage Commission Officers conducted a lawful search of Franklin's home and found roughly two pounds of marijuana, several weapons and marijuana residue. The Officers also located roughly fifteen pounds of marijuana in an abandoned railroad bed adjacent to Franklin's house. When the Officers subsequently arrested Franklin, they discovered $20,620 in cash hidden in the engine compartment of the car.

A federal grand jury indicted Franklin for (1) possession of marijuana with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); (2) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) forfeiture pursu-

* The Honorable Karl S. Forester, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation.

ant to 21 U.S.C. §§ 841 and 853. Franklin made his initial appearance on May 14, 1999. at which time the magistrate judge ordered him to stay at the Salvation Army Halfway House pending trial. On June 23, 1999, Franklin filed a motion for a hearing on reconsideration of his bond, which the magistrate judge denied. On June 29, 1999, Franklin notified the district court of his intent to plead guilty and the district court cancelled the trial date. On July 19, 1999, Franklin filed a motion for a psychiatric examination, which the district court granted ten days later. After Franklin was transferred to the Federal Medical Center in Lexington, Kentucky for purposes of evaluation, the district court adopted the magistrate judge's report and recommendation and found Franklin incompetent to stand trial. The district court committed Franklin to an institution for observation for a period not to exceed four months.

With new counsel, Franklin decided not to plead guilty and filed a motion for a speedy trial. On April 13, 2000, the psychiatric examiners concluded that Franklin was competent to stand trial. Franklin filed a subsequent motion for a speedy trial on May 10, 2000. The parties orally stipulated that Franklin was competent to stand trial on May 31, 2000, and entered this stipulation with the district court on June 10, 2000. On June 14, 2000, the district court referred the issue of Franklin's competency to the magistrate judge for a report and recommendation. The district court then entered an order rescheduling Franklin's trial for September 11, 2000. On July 11, 2000, after realizing that September 11, 2000 would be beyond the time allowed for a speedy trial, the government moved for a new trial date. On July 14, 2000, the magistrate judge issued a report and recommendation finding Franklin competent to stand trial. On the same day, the district court granted the government's motion for a new trial date, setting the trial date for July 19, 2000, only five days later. Prior to the trial, the district court expressed its willingness to give Franklin a continuance if he desired. Franklin, however, decided to preserve his speedy trial rights and declined to seek the continuance.

At trial, the jury found Franklin guilty of possessing marijuana with the intent to distribute and possessing a firearm in furtherance of a drug trafficking crime. The district court subsequently converted the $20,620 in cash to an amount of marijuana for sentencing purposes. After Franklin objected to the pre-sentence report, the district court sentenced him to a ninety-seven month term of imprisonment. Franklin timely filed a notice of appeal. We will now address each of Franklin's claims in turn.

## II. FRANKLIN'S PRETRIAL DETAINMENT

■ Factual findings in relation to application of the Sentencing Guidelines are subject to a clearly erroneous standard of review, *Buford v. United States,* 532 U.S. 59, 64, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), while all legal conclusions are reviewed *de novo. United States v. Edwards,* 272 F.3d 812, 815 (6th Cir.2001). We review a sentencing court's decision regarding departure for an abuse of discretion. *Koon v. United States,* 518 U.S. 81, 91, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Smith,* 278 F.3d 605, 609 (6th Cir.2002). Franklin invokes 18 U.S.C. § 3742(a)(2) and argues that the district court incorrectly applied the Sentencing Guidelines when imposing his sentence. In particular, Franklin contends that the district court misunderstood its authority to impose a sentence outside the guideline range when mitigating factors exist which the Sentencing Commission did not adequately consider.

Under 18 U.S.C. § 3585(b), "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences...." The Supreme Court, in *Reno v. Koray*, 515 U.S. 50, 56–62, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), held that a restrictive condition placed on bail-confinement to the premises of a Volunteers of America community treatment center-did not qualify as "official detention." Accordingly, the Court held that it would be inappropriate to give the defendant credit for time served even though restrictions were placed upon the defendant's liberty as a condition of his release on bail. *Id.* In reaching this decision, the Court reasoned that "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions ... is 'released.'" *Id* at 57, 115 S.Ct. 2021. (citations omitted) *Koray* is directly applicable here and Franklin is not entitled to credit for the time he spent in the Salvation Army halfway house.

The government does concede that Franklin should receive credit for the time that he spent in the federal prison facility while undergoing the psychiatric evaluation, but that issue is appropriate for the Bureau of Prisons and not this Court. The district court correctly observed that the Bureau of Prisons is responsible for adjusting sentences for time served. Here, Franklin has not pursued his administrative remedies with the Bureau of Prisons, as required under 28 C.F.R. §§ 542.10–542.16(1997), and is barred from raising the issue before this Court.

█ In his final sentencing argument, Franklin contends that the district court erred in construing the departure statute by failing to exercise its discretion. Franklin specifically alleges that the district court was unaware of its authority to depart on the basis of the time that Franklin spent in the halfway house. As this Court said in *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995). "the refusal of a district judge to make a downward departure is not ordinarily appealable." Although a district court's erroneous belief that it lacked authority to depart downward is appealable, we presume that a district court is aware of its discretion and we do not require a district court to affirmatively state that it knows of its discretion. *United States v. Farrow*, 198 F.3d 179, 199 (6th Cir.1999) (internal quotations and citations omitted). Here, the district court concluded that the time that Franklin spent in the halfway house did not constitute a valid ground for a downward departure. The district court never affirmatively stated that it lacked discretion to depart on the basis of the time Franklin spent in the halfway house, and it is unclear whether the district court believed that it possessed the discretion to depart on that ground. Therefore, under the presumptions of *Farrow*, and in the absence of evidence indicating that the district court believed that it lacked discretion, we conclude that the district court's failure to depart downward is not reviewable on appeal.

## III. SPEEDY TRIAL

█ We review *de novo* a district court's statutory interpretations. *United States v. Thomas*, 111 F.3d 426, 428 (6th Cir.1997). Pursuant to 18 U.S.C. § 3161(c)(1), a defendant must be tried within seventy days of either the filing of the indictment or the first appearance before a judge or magistrate, whichever comes last. Under § 3161(h)(1)(F), a delay resulting from any pretrial motion is excluded from this seventy day period. As this Court said in *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir.1996): "A court should exclude all the days during which it is waiting to receive information

necessary to decide a pending pre-trial motion. If that motion requires a hearing, the entire time from the filing of the motion through the date of the hearing is excludable."

Both parties agree that twenty-seven days elapsed between Franklin's first appearance and the filing of the first pretrial motion. The parties disagree, however, as to when the clock should have started again. Franklin argues that the May 31, 2000 oral competency stipulation should have set the speedy trial clock back in motion. Forty-nine additional days elapsed between this point and the July 19, 2000 trial date. Use of Franklin's proposed May 31, 2000 date places his trial outside the seventy-day speedy trial requirement. The government, however, contends that the clock properly resumed when the parties entered their competency stipulation with the district court on June 10, 2000. The government further claims that because this stipulation was not binding upon the district court, which had its own reservations about Franklin's competency, the pretrial motion on competency may not have concluded until July 17, 2000, when the district court ultimately found Franklin competent to stand trial. Use of the government's June 10, 2000 or July 17, 2000 dates places the Franklin's trial within the seventy-day speedy trial requirement.

Franklin has provided no support for his contention that the speedy trial should have resumed running at the time of the May 31, 2000 oral stipulation. Franklin's argument appears to be untenable, as the district court did not have "the information necessary" to decide the pretrial competency motion until-at the earliest-the district court received the stipulation on June 10, 2000. Therefore, the district court did not err when it denied Franklin's motion to dismiss for violations of the Speedy Trial Act.

## IV. DUE PROCESS

■ Franklin contends that the government and the district court violated his Fifth Amendment right to due process of law, his Sixth Amendment right to compulsory process, the Federal Rules of Criminal Procedure and the Local Rules of the Eastern District of Tennessee when the district court granted the government's motion for a new trial date on July 14, 2000, and set the trial date for July 19, 2000, only five days later. The government, in response, correctly argues that the issue only involves due process and the district court's failure to grant a continuance.

While the actions leading up to the district court's decision to move Franklin's trial date from September 11, 2000 to July 19, 2000 might have involved procedural errors, one fact disposes of this issue-the district court offered to grant Franklin a continuance to further prepare for the trial, but Franklin refused the offer in an effort to preserve his Speedy Trial claim. By refusing to seek the continuance, Franklin cannot now claim that the district court provided him with an insufficient opportunity to prepare for trial. For Franklin to succeed, he must argue that the district court, on its own, should have granted a continuance to protect Franklin's due process and compulsory process rights. "The matter of a continuance is within the discretion of the trial judge." *United States v. Medina*, 992 F.2d 573, 581 (6th Cir.1993) (citing *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)). "A showing of actual and specific prejudice is required for reversal of a judge's decision not to grant a continuance." *Id.* (internal citation omitted).

■ Franklin argues that the limited time between July 14, 2000 and July 19, 2000 denied him the ability to find two witnesses necessary for his defense. When considering Franklin's claim that he

had insufficient time to prepare for trial, this Court must consider all the facts and circumstances. *See U.S. v. Knight*, 443 F.2d 174, 177 (6th Cir.1971). Franklin cannot show that actual and specific prejudice resulted from the district court's failure to grant a continuance when the district court expressed its willingness to do so. It was Franklin's decision to forego the continuance and proceed with the trial on July 19, 2000. Franklin cannot force the government to trial under the Speedy Trial Act and then claim due process and compulsory process violations arising from an insufficient amount of time to prepare for trial.

## V. THE CONVERSION OF CASH TO A QUANTITY OF MARIJUANA

■ "A district court's determination of the quantity of drugs used to compute a defendant's sentence is a finding of fact that should not be rejected unless clearly erroneous." *United States v. Thomas*, 49 F.3d 253, 259 (6th Cir.1995). As explained in the Sentencing Guidelines, "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1, comment (n.12). In *United States v. Layne*, 192 F.3d 556, 578 (6th Cir.1999), this Court concluded that a district court did not commit plain error by converting cash to a drug quantity because substantial evidence linked the cash to the drug activities.

Franklin argues that the evidence introduced at trial did not support the district court's finding that the $20,620 found in Franklin's car was in any way related to drug activities. Franklin contends that the money found in his car was payment for traded outdoor machinery. A defense witness. Ellis Ashley, testified to these facts, and Franklin claims that Ashley's testimony was uncontroverted. The evidence presented at trial, however, also showed that Franklin earned only approximately $10,000 a year at the time of his arrest, that the $20,620 was found hidden in the firewall of Franklin's car, that drug dealers frequently place drug proceeds in concealed areas, that Franklin had a bank account, and that the $20,620 was found wrapped in plastic bags-similar to the marijuana recovered in this case-in different denominations of $20's $50's and $100's. Although an argument can be made that the $20,620 was not related to Franklin's drug activities, this evidence sufficiently linked the two. Accordingly, the district court's conversion was not clearly erroneous.

## VI. CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.