UNITED STATES of America,
Plaintiff–Appellee,

v.

Julio GARCIA, Defendant–Appellant.

No. 02–6043.

United States Court of Appeals,
Sixth Circuit.

Sept. 12, 2003.

Tony R. Arvin, Asst. U.S. Attorney, Lorraine Craig, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Randall P. Salky, The Law Office of Randall Salky, Memphis, TN, for Defendant–Appellant.

Before: GUY and DAUGHTREY, Circuit Judges; and LAWSON, District Judge.*

*ORDER*

This federal prisoner appeals his sentence of imprisonment entered upon his plea of guilty to providing or possessing contraband in prison, in violation of 18 U.S.C. § 1791(a)(2). The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Julio Garcia received a social visit while he was an inmate in the Federal Correctional Institution in Memphis, Tennessee.

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

After the visit, corrections officers searched Garcia and found twelve small balloons in his shoe. The balloons contained 6.9 grams of cocaine and 4.3 grams of heroin. Garcia subsequently pleaded guilty to both counts of a two-count indictment. The district court arrived at Garcia's sentence, in pertinent part, by adding two points to Garcia's criminal history score pursuant to USSG § 4A1.1(d), and one point pursuant to § 4A1.1(e). The district court sentenced Garcia to twenty-four months of imprisonment and two years of supervised release. Garcia appeals his sentence.

In his timely appeal, Garcia contends that: 1) the assessment of two criminal history points pursuant to § 4A1.1(d) and one criminal history point pursuant to § 4A1.1(e), constitutes impermissible double counting; 2) the district court erred in not departing downward under § 4A1.3; and 3) the district court erred in not departing downward under § 5K2.0.

This court reviews de novo a district court's legal conclusions regarding the application of the guidelines. *United States v. Edwards*, 272 F.3d 812, 815 (6th Cir. 2001); *United States v. Hurst*, 228 F.3d 751, 756 (6th Cir.2000).

Upon review, we conclude that the district court did not err in assessing Garcia two criminal history points pursuant to § 4A1.1(d) and one criminal history point pursuant to § 4A1.1(e). Impermissible double counting occurs when "precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir.1999) (citing *United States v. Perkins*, 89 F.3d 303, 310 (6th Cir.1996)).

■ The enhancements to Garcia's criminal history score pursuant to § 4A1.1(d) and (e) do not derive from the same conduct. The § 4A1.1(d) increase is based on Garcia being under a criminal justice sentence at the time of the offense, and the § 4A1.1(e) increase is based on Garcia's incarceration at the time of the offense. Though imprisonment may be the typical way to serve a criminal justice sentence and is specifically enumerated in § 4A1.1(d), it is not the only way to be under a criminal justice sentence. As § 4A1.1(d) provides, a person may be under a criminal justice sentence if he is on probation, parole, supervised release, work release, or escape status. The Guidelines definition of "criminal justice sentence" provides that there may be other ways to serve a criminal justice sentence so long as there is a certain custodial or supervisory component. USSG § 4A1.1, comment. (n. 4).

Moreover, not all instances of double counting are impermissible. Double counting is permitted when "it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct." *Farrow*, 198 F.3d at 194. The Sentencing Guidelines take the double-counting argument into account by providing for only one point under § 4A1.1(e) when two points are added under subsection (d). *See United States v. Frieberger*, 28 F.3d 916, 920 (8th Cir.1994).

■ Garcia's second and third arguments on appeal are not cognizable. He contends that the district court erred in not departing downward under § 4A1.3. and erred in not departing downward under § 5K2.0. A district court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the Guidelines or federal law. *United States v. Moore*, 225 F.3d 637, 643 (6th Cir.2000); *United States v. Pickett*, 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court

was aware of the law it was called upon to apply, *United States v. Russell*, 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *See United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995). Nothing in the record remotely suggests that the district court incorrectly believed that it could not exercise its discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart and denied the motions based on the facts and not on the ground that it lacked authority to depart. Accordingly, this court lacks jurisdiction to review these issues. *See Moore*, 225 F.3d at 643.

Accordingly, the district court's judgment is hereby affirmed.