**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul R. REEVES, Defendant–**
**Appellant.**

No. 03–5989.

United States Court of Appeals,
Sixth Circuit.

June 8, 2004.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Larry S. Roberts, Roberts & Smith, Lexington, KY, for Defendant–Appellant.

Before MARTIN and SUTTON, Circuit Judges; and WILLIAMS, District Judge.*

### ORDER

Paul R. Reeves, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In November 2002, Reeves pleaded guilty to possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B)(i) and (iii), and he agreed to the forfeiture of personal property used in the commission of his offense. He was sentenced to forty months of imprisonment.

Reeves has filed a timely appeal, essentially arguing that the district court erred when it denied him a reduction for acceptance of responsibility because: 1) the court improperly considered non-relevant conduct involving an accomplice (John Riggs); and 2) the court improperly concluded that Reeves had not accepted responsibility for his conduct by attempting to blame his ex-wife for downloading child pornography to his lap-top computer.

Upon review, we conclude that the district court properly denied Reeves a reduction for acceptance of responsibility. Reeves has the burden of proving his acceptance of responsibility by a preponderance of the evidence. *See United States v. Gilbert,* 173 F.3d 974, 979 (6th Cir.1999). The district court's conclusion that Reeves did not meet this burden is subject to reversal only for clear error, and great deference is afforded the court's determination in light of the credibility issues involved. *See id.* While a defendant's guilty plea and truthful admissions concerning the conduct comprising the offense of conviction constitute significant evidence of acceptance of responsibility, this evidence can be outweighed by conduct of the defendant inconsistent with such acceptance of responsibility. *See* USSG § 3E1.1, comment. (n.3). A defendant's attempt to minimize his own role in the offense is inconsistent with acceptance of responsibility. *United States v. Edwards,* 272 F.3d 812, 816 (6th Cir.2001).

The district court did not clearly err in this case. First, Reeves is not entitled to the acceptance of responsibility reduction as a matter of right merely because he pleaded guilty. *See United States v. Guthrie,* 144 F.3d 1006, 1011 (6th Cir.1998). Second, Reeves's assistance in identifying Riggs as a person involved in child pornography does not entitle him to an acceptance of responsibility reduction because his assistance had nothing to do with being forthcoming about his own criminal conduct. Rather, such assistance is more relevant to a determination as to whether Reeves would be entitled to a downward departure under USSG § 5K1.1. Third, the record clearly reflects that Reeves engaged in conduct that is inconsistent with acceptance of responsibility. Specifically, he attempted to minimize his criminal conduct by inferring that Riggs and his ex-wife were responsible for the child pornography found in his possession. During allocution, Reeves stated that he had been "very trusting" of Riggs and he inferred that his ex-wife had downloaded the child pornography found on the lap-top computer seized from him. Furthermore, defense counsel acknowledged that Reeves maintained that the child pornography deliv-

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

ered to his home had been intended for Riggs, even though Reeves was watching the tapes when the police executed a search warrant at his home. Furthermore, the district court concluded that Reeves was an "unmitigated liar" and that he had continuously attempted to minimize his criminal conduct by blaming Riggs and his ex-wife. Finally, although the district court considered Reeves's "shake down" of Riggs, which arguably is not relevant to this case, the court's main focus was centered on Reeves's credibility and his attempt to minimize his criminal conduct. Hence, the district court did not clearly err when it denied Reeves a reduction for acceptance of responsibility.

Accordingly, we affirm the judgment of conviction and sentence.

Moore, J., concurred in judgment only.